## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TATIANA EASTMAN, individually,
and on behalf of all other similarly
situated,

    Plaintiff,

vs.

CASE NO.:

UNITED PARKS AND RESORTS,
INC., a Delaware corporation,

    Defendant.
_____/

## DEFENDANT, UNITED PARKS & RESORTS INC.'S
## NOTICE OF REMOVAL

Defendant, United Parks & Resorts Inc., pursuant to 28 U.S.C. §§ 1441, 1446, and 1332 and Local Rule 1.06, files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida, Case No. 2024-CA-006435-O. In support of this Notice of Removal, Defendant states:

1.    On July 18, 2024, Plaintiff Tatiana Eastman filed a putative class action complaint in the Ninth Judicial Circuit in and for Orange County, Florida. *See* Complaint, attached as **Exhibit A**.

2.    On July 22, 2024, Plaintiff served Defendant with process by way of registered agent. *See* Return of Service, attached as **Exhibit B.**

3. This Court has jurisdiction of this action under 28 U.S.C. § 1332 (d), *et seq.,* as amended by the Class Action Fairness Act of 20-5, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA").

4. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at 43 (2005).

5. Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id*. at 42-43; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court") (citation omitted). As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2)

6. **Class Action.** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). *See* Complaint. Based on business records, the putative class exceeds 100 members as more than 100 persons in the United States have made a purchase at one of Defendant's parks and paid the purported "5% surcharge."

7. **Diversity of Citizenship.** Plaintiff is a resident of Osceola County, Florida and a citizen of the State of Florida. *See* Compl., ¶ 26. Defendant is

incorporated under the laws of the State of Delaware and maintains its principal place of business in Orlando, Orange County, Florida.

8. Defendant is a global theme park and entertainment company that owns or licenses recreational parks, including SeaWorld®, Busch Gardens®, Discovery Cove, Sesame Place®, Water Country USA, Adventure Island, and Aquatica®. Defendant has twelve parks located throughout the United States, including in Florida, California, Virginia, Pennsylvania, and Texas.

9. Diversity under 28 U.S.C. § 1332(d)(2) exists because a member of the class is a citizen of a state different from Defendant. Specifically, Plaintiff seeks to certify an unjust enrichment class of:

> All natural persons in the United States who made a purchase at one of Defendant's parks using a credit or debit card and were charged an undisclosed 5% surcharge at the time of completing payment for goods or services.

Compl., ¶ 44.  On its face, this putative class includes members who are citizens of states other than Florida.

10. **Amount in Controversy.** "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [the statute] only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.  Here, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2).  The Complaint seeks relief that includes: actual

3

damages, injunctive relief, restitution, and attorneys' fees and costs. Compl., WHEREFORE clauses, pp. 12, 13.

11. Based on its business records, Defendant has charged an amount in excess of $5 million for the purported "5% surcharge" throughout its parks in the United States during the past four years.[1]

12. Because Plaintiff seeks, on behalf of the class, actual damages in the amount of the improperly disclosed surcharge, restitution, and injunctive relief; the amount in controversy exceeds the requisite $5 million jurisdictional threshold.

13. **Timeliness.** This action is properly removable as this Notice of Removal is filed within the thirty day statutory period from the date of service.

14. **Venue.** The United States District Court for the Middle District of Florida, Orlando Division, is the federal judicial district embracing the state court where Plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. § 1441.

15. **No Exceptions Apply.** The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

16. **Procedural Matters.** Defendant has complied with 28 U.S.C. §§ 1446(a) and (d). A copy of all the process, pleadings, or orders on filed in the state court are

---

[1] Defendant does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, or that persons on behalf of which such claims are asserted could properly be certified as members of a class under Fed. R. Civ. P. 23, and reserves all rights and defenses to such claims.

attached as Composite **Exhibit C**.  A notice of filing of removal, with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Ninth Judicial Circuit in and for Orange County, Florida.  See **Exhibit D.**

17. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure

WHEREFORE, Defendant United Parks & Resorts Inc. hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Dated:  August 21, 2024            Respectfully submitted,

/s *Samantha Duke*
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
E-mail:dgerber@rumberger.com (primary)
docketingorlando@rumberger.com and
dgerbersecy@rumberger.com (secondary)
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No.:  0091403
E-mail:  sduke@rumberger.com (primary)
docketingorlando@rumberger.com and
sdukesecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300 / Fax:  407.841.2133
Attorneys for Defendant,
UNITED PARKS AND RESORTS, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I will email a copy to counsel for Plaintiff counsel listed below:

Seth M. Lehrman
(FBN: 132896)
LEHRMAN LAW
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: 754-778-9660
seth@lehrmanlaw.com

and

Scott D. Owens
 (FBN: 597651)
Scott D. Owens, P.A.
3029 N. 29th Ave., Suite 209A
Hollywood, FL 33020
Telephone: 954-589-0588
scott@scottdowens.com
**(Counsel for Plaintiff Tatiana Eastman)**

/s *Samantha Duke*
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
E-mail:dgerber@rumberger.com (primary)
docketingorlando@rumberger.com and
dgerbersecy@rumberger.com (secondary)
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
Secondary E-mail: sdukesecy@rumberger.com
docketingorlando@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
Attorneys for Defendant,
UNITED PARKS AND RESORTS, INC.

19608703.v1